IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY DEREK BLAIN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1894-D-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Larry Derek Blain, a federal prisoner, proceeding *pro se*, has filed his

first motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255.

This action has been referred to the undersigned United States magistrate judge under

28 U.S.C. § 636(b) and a standing order of reference from United States District Judge

Sidney A. Fitzwater.

After Blain pleaded guilty to two counts of bank robbery and aiding and

abetting, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, and using, carrying, and

brandishing a firearm during and in relation to a crime of violence, in violation of 18

U.S.C. § 924(c)(1)(A)(ii), the Court sentenced him to concurrent sentences of 200

months of imprisonment as to the bank robbery convictions and a consecutive sentence

of 84 months of imprisonment as to the Section 924(c) conviction. *See United States v.*

*Blain*, No. 3:11-cr-159-D (02), Dkt. No. 60 (N.D. Tex. Dec. 22, 2011). Blain appealed,

but his appeal was dismissed for want of prosecution on July 10, 2012. *See id.*, Dkt. No.

-1-

81.

Blain's Section 2255 motion challenges his Section 924(c) conviction under *Johnson v. United States*, 576 U.S. ____, 135 S. Ct. 2551 (2015). *See* Dkt. No. 1. In response to the Court's order to show cause, *see* Dkt. No. 3, the government moved to dismiss the motion as barred by the applicable statute of limitations, *see* Dkt. No. 7. Blain failed to file a reply brief, and the time to do so has expired.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Blain's Section 2255 motion as time-barred.

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Supreme Court of the United States has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a

petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563; *see also id.* ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," it is "a substantive

decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in

cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265

(2016). Therefore, if Blain were challenging a conviction and sentence that implicated

the ACCA's residual clause, 28 U.S.C. § 2255(f)(3) could operate to make the current

motion timely if such a motion was filed within one year from the date *Johnson* was

decided. *See Dodd v. United States*, 545 U.S. 353 (2005) (Section 2255(f)(3)'s one-year

period begins to run on the date on which the Supreme Court "initially recognized" the

right asserted, not the date on which that right is made retroactively applicable).

But Blain's collateral challenge does not implicate the ACCA's residual clause.

Blain instead challenges, pursuant to *Johnson*, his conviction under Section

924(c)(1)(A)(ii), imposed for brandishing a firearm during a bank robbery, "a crime of

violence." *See, e.g.,* Dkt. No. 1 at 11 ("The first paragraph of [Section] 2113(a) is not a

crime of violence within the meaning of [Section] 924(c), and accordingly cannot give

rise to liability under that statute.").

While Blain seeks to extend *Johnson's* holding outside the underlying statute,

because this is his initial Section 2255 motion, its timeliness under Section 2255(f)(3)

"'does not require that the retroactivity determination'" – that is, the determination

that *Johnson's* holding reaches, retroactively, beyond the ACCA's residual clause – "'be

made by the Supreme Court itself.'" *United States v. Olvera*, 775 F.3d 726, 730 n.11

(5th Cir. 2015) (quoting *United States v. Lopez*, 248 F.3d 427, 432 (5th Cir. 2001), and

distinguishing Section 2255(f)(3) from a requirement imposed by 28 U.S.C. §

2255(h)(2), applicable to second or successive Section 2255 motions); *cf. In re Fields*,

826 F.3d 785, 786-87 (5th Cir. 2016) (per curiam) (refusing to preliminarily authorize, under Section 2255(h)(2), a successive Section 2255 motion presenting a *Johnson*-based challenge to 28 U.S.C. § 924(c)(3)(B) because, "even if *Johnson* does apply to that provision, the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review").

Regardless, the definition of "violent felony" under the ACCA's residual clause is substantially different than the definition of "crime of violence" used in Section 924(c). *See* 18 U.S.C. § 924(c)(3) (defining "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). And that definition is identical to the definition of "crime of violence" in 18 U.S.C. § 16(b), a provision that the United States Court of Appeals for the Fifth Circuit has held "is not unconstitutionally vague" in light of *Johnson*. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc); *see* 18 U.S.C. § 16(b) ("The term 'crime of violence' means – (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."); *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("[T]he bank robbery and conspiracy to obstruct interstate commerce by robbery statutes that Lott was convicted under do not contain

language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, and so *Johnson* has no bearing on them." (citations omitted)); *but see Sessions v. Dimaya*, No. 15-1498, 137 S. Ct. 31 (2016) (granting certiorari review to decide whether Section 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague).

But, even if this Court were to determine that *Johnson*'s invalidation of the ACCA's residual clause should be extended to Section 924(c)(3)(B), such an extension would not benefit Blain because his underlying "crime of violence," a Section 2113 bank robbery – whether "by force and violence" or solely "by intimidation" – is an offense "that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) (quoting 18 U.S.C. § 924(c)(3)(A)); *see United States v. Bruce*, 668 F. App'x 580, 581 (5th Cir. 2016) (per curiam) (citing *Royal* to affirm the acceptance of a guilty plea where appellant argued that the plea should not have been accepted "because his bank robbery conviction does not qualify as a [crime of violence] in light of *Johnson*")); *see, e.g., Garcia v. United States*, No. 3:16-cv-1659-D-BN, 2017 WL 652182 (N.D. Tex. Jan. 13, 2017) (dismissing, as time-barred, Section 2255 motion challenging Section 2113 convictions under *Johnson*), *rec. adopted*, 2017 WL 635085 (N.D. Tex. Feb. 16, 2017).[1]

---

[1] *See also United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016) ("Bank robbery by 'force and violence' plainly involves 'the use, attempted use, or threatened

Therefore, because Blain's underlying offense is a "crime of violence" under

Section 924(c)'s force clause, which does not contain language remotely similar to

language in a separate statute that *Johnson* struck down as unconstitutionally vague,

Blain's Section 2255 motion is not timely under Section 2255(f)(3). And neither

equitable tolling nor the narrow actual-innocence exception save Blain's motion from

being time-barred under Section 2255(f).

---

use of physical force.' Whether the same is true of bank robbery by 'intimidation' is a
closer question, although not by much.... The defendant must at least know that his
actions would create the impression in an ordinary person that resistance would be met
by force. A taking by intimidation under § 2113(a) therefore involves the threat to use
physical force. We reject McBride's contention that daylight can be found between
'intimidation' and 'threatened use of physical force.' Although McBride is correct that
intimidation can be communicated by 'words, demands, and gestures,' so too with the
threat of physical force. Furthermore, even if we accept McBride's arguments that one
can threaten to cause bodily injury that does not require physical force, ... that is not
the case with intimidation in the § 2113(a) context, which requires the threat to use
physical force, not merely to cause bodily injury." (citations omitted)); *United States v.
McGuire*, ___ F. App'x ____, No. 16-3282, 2017 WL 429251, at *2 (10th Cir. Feb. 1,
2017) ("Although § 2113(a) includes a taking 'by intimidation,' courts have stated that
'intimidation' involves the threat of physical force. Moreover, courts have consistently
held that federal bank robbery qualifies as a predicate offense under the Guidelines'
elements clause." (citations omitted)); *United States v. Johnson*, No: 05-80025, 2016
WL 7158642, at *3 (E.D. Mich. Dec. 8, 2016) (noting that, in addition to the Sixth
Circuit in *McBride*, "other Circuits hold that armed bank robbery under § 2113(a) is
a crime of violence for purposes of the *force* clause" (citing *United States v. Adkins*, 937
F. 2d 947, 950 (4th Cir. 1991); *United States v. Wright*, 215 F.3d. 1020, 1028 (9th Cir.
2000); *Royal*, 141 F.3d. at 601; emphasis in original); *United States v. McNeal*, 818 F.3d
141, 157 (4th Cir. 2016) ("In sum, we are satisfied that bank robbery under 18 U.S.C.
§ 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. §
924(c)(3), because it 'has as an element the use, attempted use, or threatened use of
physical force' – specifically, the taking or attempted taking of property 'by force and
violence, or by intimidation.'"); *id.* at 152 n.8 ("Because § 2113(a) bank robbery satisfies
the § 924(c)(3) force clause, we do not consider whether *Johnson* renders the § 924(c)(3)
residual clause unconstitutionally vague.").

## Recommendation

The Court should dismiss Blain's Section 2255 motion as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 10, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE